IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| OPLUS TECHNOLOGIES, LTD., | ) |
| Plaintiff, | ) Civil Action No. 11-cv-9017 |
| vs. | ) |
| | ) **JURY TRIAL DEMANDED** |
| SEARS HOLDINGS CORPORATION and D&M HOLDINGS INC., | ) |
| Defendants. | ) |

## COMPLAINT

Plaintiff, Oplus Technologies, Ltd. ("Oplus"), complains of defendants Sears Holdings Corporation ("Sears") and D&M Holdings Inc. ("Denon") (collectively, "Defendants") as follows:

### PARTIES, JURISDICTION AND VENUE

1. This is a claim for patent infringement arising under the patent laws of the United States, including 35 U.S.C. §§ 271 and 281. This Court has exclusive jurisdiction over the subject matter of this action under 28 U.S.C. §§ 1331 and 1338(a).

2. Oplus is a foreign corporation organized under the laws of the state of Israel.

3. Oplus owns the full and exclusive right, title and interest in and has standing to sue for infringement of United States Patent No. 6,239,842 entitled "Method of De-Interlacing Video Signals Using a Mixed Mode Spatial and Temporal Approximation Technique," which issued May 29, 2001 (the "'842 Patent"). A true and correct copy of the '842 Patent is attached as Exhibit A.

4.      Oplus also owns the full and exclusive right, title and interest in and has standing to sue for infringement of United States Patent No. 7,271,840 entitled "Method for Determining Entropy of a Pixel of a Real Time Streaming Digital Video Image Signal, and Applications Thereof," which issued September 18, 2007 (the "'840 Patent"). A true and correct copy of the '840 Patent is attached as Exhibit B.

5.      Sears Holdings Corporation is a Delaware Corporation, with its principal place of business at 3333 Beverly Road, Hoffman Estates, Illinois 60179.

6.      Denon is a Japanese corporation with a principal place of business at 2-1 Nisshin-cho, Kawasaki-ku, Kawasaki-shi, Kanagawa 210-8569, Japan.

7.      Defendants have sold or offered to sell products that infringe the '842 and '840 Patents within this judicial district, and have advertised the sale of such products in this judicial district.

8.      Venue is proper in this district under 28 U.S.C. § 1400(b).

**PATENT INFRINGEMENT**

9.      Denon has infringed the '842 Patent at least by making, using, importing, selling or offering to sell, and/or by contributing to others' use of, among other products, video products using deinterlacing methods that fall within the scope of at least claim 14 of the '842 Patent. An example of such infringing products is the Denon brand AVP-A1HDCI Ultra Reference 12-Channel A/V Preamplifier with Network Streaming and Wi-Fi and the Denon brand DVD-5910 DVD Player, which are either offered for sale or sold through Sears. Alternatively, Denon is indirectly infringing the '842 Patent because it now knows that the steps of the claimed method described in claim 14, for example, are performed by users of Denon products, such as the AVP-A1HDCI Preamplifier and the DVD-5910 DVD Player. The Denon products, such as the A1HDCI Preamplifier and the DVD-5910 DVD Player, are especially designed and made in a

manner such that there are no substantial non-infringing uses. A representative claim chart illustrating infringement of claim 14 of the '842 Patent by Denon is attached as Exhibit C.

10. Sears has infringed the '842 Patent at least by importing, selling and/or offering to sell such infringing products as the A1HDCI Preamplifier and the DVD-5910 DVD Player. Alternatively, Sears is indirectly infringing the '842 Patent because it knows that the steps of the claimed method described in claim 14, for example, are performed by users of Denon products that it imports, sells and/or offers for sale, such as the A1HDCI Preamplifier and the DVD-5910 DVD Player. The Denon products that Sears imports, sells, and/or offers for sale, such as the A1HDCI Preamplifier and the DVD-5910 DVD Player, are especially designed and made in a manner such that there are no substantial non-infringing uses. A representative claim chart illustrating infringement of claim 14 of the '842 Patent by Sears is attached as Exhibit C.

11. Denon has infringed the '840 Patent at least by making, using, importing, selling or offering to sell, and/or by contributing to others' use of, among other products, video products using video signal error correction methods that fall within the scope of at least claim 56 of the '840 Patent. An example of such infringing products is the Denon brand DVD1940CI DVD Player sold by Sears. Alternatively, Denon is indirectly infringing the '840 Patent because it now knows that the steps of the claimed method described in claim 56, for example, are performed by users of Denon products, such as the DVD1940CI DVD Player. The Denon products, such as the DVD1940CI DVD Player, are especially designed and made in a manner such that there are no substantial non-infringing uses. A representative claim chart illustrating infringement of claim 56 of the '840 Patent by Denon is attached as Exhibit D.

12. Sears has infringed the '840 Patent at least by importing, selling and/or offering to sell such infringing video products using video signal error correction methods that fall within the scope of at least claim 56 of the '840 Patent. For example, Sears has sold products that

infringe claim 56 of the '840 Patent including the Denon DVD1940CI DVD Player. A representative claim chart illustrating infringement of claim 56 of the '840 Patent by Sears is attached as Exhibit D.

13. Defendants' acts of infringement have injured Oplus, and Oplus is entitled to recover damages adequate to compensate it for the infringement that has occurred, but in no event less than a reasonable royalty.

14. The acts of infringement by Defendants have injured and will continue to injure Oplus, unless and until such infringement is enjoined by this Court.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, Oplus Technologies, Ltd., respectfully request judgment against Defendants and their subsidiaries and affiliates as follows:

A. An award of damages adequate to compensate Oplus for each of Defendants' acts of infringement, together with prejudgment interest from the date infringement of the '840 and '842 Patents began through the expiration of the respective patents;

B. An injunction permanently prohibiting Defendants and all persons in active concert or participation with them, from further acts of infringement of the '840 and '842 Patents; and

C. Such other and further relief as this Court or a jury may deem proper.

**JURY DEMAND**

Plaintiff demands a trial by jury on all issues so triable.

Respectfully submitted,

*/s/ Raymond P. Niro*
Raymond P. Niro
Arthur A. Gasey
Paul C. Gibbons
Niro, Haller & Niro
181 West Madison, Suite 4600
Chicago, Illinois 60602
Telephone: (312) 236-0733

*Attorneys for Oplus Technologies, Ltd.*